NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHANTAL THEODORE, et al., : | |
| : | Civil Action No. 10-2796 (SRC) |
| Plaintiffs, : | |
| : | **OPINION** |
| v. : | |
| : | |
| CITY OF ELIZABETH, et al., : | |
| : | |
| Defendants. : | |

**CHESLER**, District Judge

      Defendant Phillip McKenna ("Defendant") has moved to dismiss count four of the Amended Complaint [docket entry no. 20] filed on October 11, 2010 by Plaintiffs Chantal Theodore, David Romilus and Jessica Theodore ("Plaintiffs"). Count four is the only count that contains a claim against Mr. McKenna. Defendant seeks dismissal of this claim for failure to state a cause of action. The Court has considered the papers filed by the parties and rules on the written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant the motion to dismiss [docket entry no. 26].

**I.    BACKGROUND**

      Chantal Theodore's son, Curtis Theodore, was shot on the morning of June 13, 2008. Plaintiffs allege that Defendant McKenna, a City of Elizabeth police officer, photographed the deceased's body and ultimately distributed those images "to persons not involved in with the police investigation." (Am. Compl. at ¶ 30.)

## II.     DISCUSSION

The Supreme Court has stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556.) The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement." *Id.* at 1949-50; *Twombly*, 550 U.S. at 555-57. While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 557. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record. *Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007); *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003).

Plaintiffs assert that the photographs taken and distributed by Officer McKenna violate their right to due process under the Fourteenth Amendment. To establish a procedural due process claim under section 1983, Plaintiffs must prove (1) a deprivation of an individual interest encompassed by the Fourteenth Amendment's protection of life, liberty, or property, and (2) that the procedures available did not provide due process of law. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir.2006). To establish a substantive due process claim Plaintiffs must (1) "'establish as a threshold matter that [they have] a protected property interest to which the Fourteenth Amendment's due process protection applies,'" *Desi's Pizza Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 427 (3d Cir. 2003) quoting *Woodwind Estates, Ltd. v. Gretkowski*, 205 F.3d 118, 123 (3d cir. 2000), and (2) "show that a governmental actor's behavior in depriving [them] of the interest in question was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998).

The Amended Complaint simply does not state facts which support a claim for violation of due process. The Court does not rule out the possibility that a set of facts, properly pleaded, could be the basis for a cause of action under section 1983 for a substantive due process violation. Such facts would have to demonstrate that the conduct in question indeed shocks the conscience. No such demonstration has been made in the Amended Complaint. With regard to Plaintiffs' procedural due process claim, the Amended Complaint as pleaded does not even suggest the barest outlines of such a claim. If Plaintiffs choose to replead, asserting a procedural due process claim, the Court will

address it at that time.

### III.    CONCLUSION

        Plaintiffs' claim is not viable, and Defendant's motion to dismiss will be granted. The dismissal of Plaintiffs' claims will be without prejudice. An appropriate form of Order will accompany this Opinion.

                                                   s/ Stanley R. Chesler
                                               Stanley R. Chesler, U.S.D.J

DATED: January 11, 2011